UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
JAN 10 2022
Nathan Ochsner, Clerk of Court

| | |
|---|---|
| S'JARNA JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) |
| PROCOLLECT INC, EXPERIAN | ) |
| INFORMATION SOLUTIONS INC, | ) Complaint and Demand for |
| EQUIFAX INC, and TRANSUNION LLC | ) Jury Trial |
| | ) |
| Defendants. | ) |

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff S'JARNA JOHNSON as and for her Complaint respectfully alleges as follows:

### I.  INTRODUCTION

1. This is a civil action by Plaintiff, an individual consumer, seeking actual, statutory and punitive money damages against Defendant PROCOLLECT INC ("ProCollect") for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices; and Defendants PROCOLLECT INC ("ProCollect"), EXPERIAN INFORMATION SOLUTIONS ("Experian"), EQUIFAX INC ("Equifax") and TRANSUNION LLC ("Transunion") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (hereinafter "FCRA").

1

## II.  JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C § 1692k(d), 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331. Venue in this District is proper in that the Defendants transact business in the city Houston, Harris County, Texas, and the conduct complained of occurred in Houston, Texas.

## III.  PARTIES

3. Plaintiff is a natural person residing in Houston, Harris County, Texas.

4. Plaintiff is a "consumer" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3) and the Fair Credit Reporting Act, 15 U.S.C. §1681a, (b) and (c).

5. Upon information and belief, Defendant ProCollect is a Texas entity with its principal place of business located at 12170 Abrams Rd 100, Dallas, Texas 75243 and its registered agent located at 8150 N. Central Expy, Suite 500, Dallas, Texas 75206.

6. Upon information and belief, Defendant Experian is an Ohio corporation duly authorized and qualified to do business in the State of Texas.

7. Upon information and belief, Defendant Equifax is a Georgia corporation duly authorized and qualified to do business in the State of Texas.

8. Upon information and belief, Defendant Transunion is an Illinois corporation duly authorized and qualified to do business in the State of Texas.

9. Defendant ProCollect is a "debt collector" as defined by the FDCPA, 15 U.S.C § 1692a(6). Defendant ProCollect is engaged in the collection of debt from

consumers using the mail and telephone and regularly attempts to collect consumer debts alleged to be due to another.

## IV. FACTS OF THE COMPLAINT

10. In January 2021, Plaintiff obtained a copy of her consumer report and discovered incomplete, inaccurate, false information furnished by Defendant ProCollect. Defendant ProCollect furnished one trade line, Account No. 57327001246****, Original Creditor: Nantucket at Fannin Apartments, in the amount of $2,317.00.

11. On January 20, 2021, Plaintiff contacted Defendant ProCollect via email to inform that the debt they were reporting was paid in full to the Original Creditor, Nantucket at Fannin Apartments, via check on November 7, 2020. Plaintiff also provided a copy of the check used for payment and a screenshot of the bank account transaction.

12. In February 2021, Plaintiff noticed that the account was still being reported by Defendant ProCollect on her consumer report. Plaintiff contacted Defendant ProCollect via telephone and was informed that the account would be deleted within 30 days.

13. Despite Plaintiff's disputes and documentation to Defendant ProCollect informing them that the debt was not valid, Defendant ProCollect continued to report the tradeline from approximately January 2021 through January 2022.

14. On October 1, 2021 Plaintiff filed a consumer dispute against Defendant ProCollect with the Consumer Financial Protection Bureau ("CFPB"). Defendant ProCollect responded to the dispute and stated that the account at issue was received by Defendant ProCollect on November 6, 2020. Defendant ProCollect acknowledged that

3

they received correspondence from Plaintiff on January 20, 2021. Defendant ProCollect further stated they would not delete the debt because it was allegedly paid by Plaintiff four days after the account was received by Defendant ProCollect for collection purposes, which is contrary to Plaintiff's documented proof that the account was paid in full on November 7, 2020.

15. On October 12, 2021 Plaintiff contacted Defendant ProCollect via telephone in response to the CFPB complaint. Plaintiff requested that Defendant ProCollect verify through recorded calls whether they advised Plaintiff that the account would be deleted.

16. Defendant ProCollect stated that the recordings did verify that the account should be removed and informed Plaintiff that a release letter would be issued.

17. Plaintiff received a paid in full letter from Defendant ProCollect dated October 6, 2021 and a release letter from Defendant ProCollect dated October 13, 2021.

18. Defendant ProCollect continued to report the invalid debt even after providing the release letter to Plaintiff. Defendant ProCollect's publishing of such inaccurate and incomplete information for over a year has severely damaged the personal and credit reputation of Plaintiff causing her FICO scores to be lowered resulting in her being denied credit or being granted credit with a much higher interest rate, and has caused severe humiliation, emotional distress and mental anguish.

19. Plaintiff disputed the tradeline with Defendants Experian, Equifax and Transunion by sending written disputes on the following dates: July 3, 2021; August 18,

2021; October 1, 2021; November 1, 2021. Plaintiff informed all Defendants that the account had been paid in full and should therefore be deleted from her consumer report.

20. Upon information and belief, Defendants Experian, Equifax and Transunion sent a dispute to Defendant ProCollect providing all relevant disputed information.

21. Upon information and belief, Defendant ProCollect verified to Defendants Experian, Equifax and Transunion that the tradeline was accurate.

22. As a result of the actions and inactions of all Defendants, Plaintiff suffered damages, including but not limited to, her FICO scores to be lowered resulting in her being denied credit or being granted credit with a much higher interest rate, severe humiliation, emotional distress and mental anguish.

### V. FIRST CLAIM FOR RELIEF
### 15 U.S.C. § 1681s-2(b)(1)(A)
### (Defendant ProCollect)

23. Plaintiff re-alleges and incorporates by reference paragraphs 1-22 above.

24. Defendant has violated 15 U.S.C. § 1681s-2(b)(1)(A) in that they failed to conduct a reasonable investigation on the collection item that is furnished to the Consumer Reporting Agencies.

25. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

26. Defendant's conduct was negligent and/or willful.

27. Plaintiff is entitled to actual damages, punitive damages, attorney's fees and litigation costs for Defendants' willful acts pursuant to 15 U.S.C. § 1681n.

28. Alternatively, Plaintiff is entitled to actual damages, and litigation costs if Defendants' violations are negligent, pursuant to 15 U.S.C. §1681o.

### VI. SECOND CLAIM FOR RELIEF
### 15 U.S.C. §1681s-2(b)(1)(B)
### (Defendant ProCollect)

29. Plaintiff re-alleges and incorporates by reference paragraphs 1-28 above.

30. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information forwarded to them by the consumer reporting agencies, on the collection item that was paid in full prior to being received for collection by Defendant ProCollect.

31. Defendant caused injury in fact, by causing, among other things, mental and emotional distress, damage to Plaintiff's credit reputation and rating, and other injuries and damages to Plaintiff.

32. Defendant's conduct was negligent and/or willful.

33. Plaintiff is entitled to recover actual damages, punitive damages, attorney's fees and costs pursuant 15 U.S.C. § 1681n.

34. Alternatively, Plaintiff is entitled to actual damages, costs and attorney's fees if the violation is negligent, pursuant to 15 U.S.C. §1681o.

### VII. THIRD CLAIM FOR RELIEF
### 15 U.S.C. §1681s-2(b)(1)(C)
### (Defendant ProCollect)

35. Plaintiff re-alleges and incorporates by reference paragraphs 1-34 above.

6

36. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the accurate information about the alleged tradeline to the consumer reporting agencies and by failing to report the results of the reinvestigation.

37. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

38. Defendant's conduct was negligent and/or willful.

39. Plaintiff is entitled to recover actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. § 1681n.

40. Alternatively, Plaintiff is entitled to actual damages, costs, and attorney's fees if the violation is negligent, pursuant to 15 U.S.C. §1681o.

### VIII. FOURTH CLAIM FOR RELIEF
### 15 U.S.C. §1681s-2(b)(1)(D)
### (Defendant ProCollect)

41. Plaintiff re-alleges and incorporates by reference paragraphs 1-40 above.

42. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(D) by failing to report accurate information to the consumer reporting agencies and continuing to report information that was false, inaccurate and unverifiable because the debt was paid in full.

43. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

44. Defendant's conduct was negligent and/or willful.

45. Plaintiff is entitled to recover actual damages, punitive damages, costs and attorney's fees pursuant 15 U.S.C. § 1681n.

46. Alternatively, Plaintiff is entitled to recover actual damages, costs and attorney's fees if the violation is negligent, pursuant to 15 U.S.C. §1681o.

### IX. FIFTH CLAIM FOR RELIEF
### 15 U.S.C. §1681s-2(b)(1)(E)
### (Defendant ProCollect)

47. Plaintiff re-alleges and incorporates by reference paragraphs 1-46 above.

48. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to have procedures in their system and failing to have a procedure with the consumer reporting agencies to (i) modify the inaccurate information in their system, (ii) delete the inaccurate or unverifiable, erroneous, information, or (iii) block the re-reporting of inaccurate or unverifiable information.

49. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

50. Defendant's conduct was negligent and/or willful.

51. Plaintiff is entitled to recover actual damages, punitive damages, costs and attorney's fees pursuant 15 U.S.C. § 1681n.

52. Alternatively, Plaintiff is entitled to recover actual damages, costs and attorney's fees if the violation is negligent, pursuant to 15 U.S.C. §1681o.

8

## X. SIXTH CLAIM FOR RELIEF
## 15 U.S.C. §1692e(2)(A)
## (Defendant ProCollect)

53. Plaintiff re-alleges and incorporates by reference paragraphs 1-52 above.

54. Defendant violated 15 U.S.C. §1692e(2)(A) by falsely representing the legal status of the alleged debt to the consumer reporting agencies.

55. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

56. Alternatively, Plaintiff is entitled to recover actual damages, costs and attorney's fees pursuant to 15 U.S.C. §1692k.

## XI. SEVENTH CLAIM FOR RELIEF
## 15 U.S.C. §1692f(1)
## (Defendant ProCollect)

57. Plaintiff re-alleges and incorporates by reference paragraphs 1-56 above.

58. Defendant violated 15 U.S.C. §1692f(1) by attempting to collect an alleged debt that was paid in full by consumer prior to receipt by Defendant ProCollect or, in the alternative, by attempting to collect an alleged debt that Defendant ProCollect knew was paid in full by consumer one day after receipt by Defendant ProCollect.

59. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

60. Alternatively, Plaintiff is entitled to recover actual damages, costs and attorney's fees pursuant to 15 U.S.C. §1692k.

## XII. EIGHTH CLAIM FOR RELIEF
## 15 U.S.C. §1692e(8) & 15 U.S.C. §1692e(2)
## (Defendant ProCollect)

61. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

62. Defendant's violations include, but are not limited to, the following: Defendant violated 15 U.S.C § 1692e(8) and 15 U.S.C § 1692e(2) of the FDCPA by reporting to a third party, specifically consumer reporting agencies, false information regarding Plaintiff's alleged account date when it knew from its own records the true open date.

63. As a result of the above violation of the FDCPA, the Defendant is liable to Plaintiff for actual damages, statutory damages and costs.

## XIII. NINTH CLAIM FOR RELIEF
## 15 U.S.C. § 1681e(b)
## (Defendants Experian, Equifax and TransUnion)

64. Plaintiff re-alleges and incorporates by reference paragraphs 1-63 above.

65. Defendants Experian, Equifax and TransUnion violated 15 U.S.C. § 1681e(b) because they failed to follow reasonable procedures to assure maximum possible accuracy of the ProCollect trade line information when preparing a consumer report purportedly concerning Plaintiff.

66.     Defendants Experian, Equifax and TransUnion have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and other damages to Plaintiff.

67.     At all times alleged herein, Defendants Experian, Equifax and TransUnion acted negligently and/or willfully.

68.     Defendants Experian, Equifax and TransUnion are liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. §1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. §1681o.

### XIV. TENTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(2)
### (Defendants Experian, Equifax and TransUnion)

69.     Plaintiff re-alleges and incorporates by reference paragraphs 1-68 above.

70.     Defendants Experian, Equifax and TransUnion have failed to comply with the reinvestigation requirements in 15 U.S.C. §1681i.

71.     Defendants Experian, Equifax and TransUnion have violated 15 U.S.C. § 1681i(a)(2) in that they failed to consider and forward all relevant information to the furnisher of information.

72.     Defendants Experian, Equifax and Trans Union have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

73.     Defendants Experian, Equifax and TransUnion have done so either negligently or willfully.

74. Plaintiff is entitled to actual damages, punitive damages, and costs pursuant 15 U.S.C. § 1681o.

75. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

### XV. ELEVENTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(4)
### (Defendants Experian, Equifax and TransUnion)

76. Plaintiff re-alleges and incorporates by reference paragraphs 1-75 above.

77. Defendants Experian, Equifax and TransUnion have violated 15 U.S.C. §1681i(a)(4) in that they failed to delete information that was inaccurate or could not be verified.

78. Defendants Experian, Equifax and TransUnion have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

79. At all times alleged herein, Defendants Experian, Equifax and TransUnion acted negligently and/or willfully.

80. Defendants Experian, Equifax and TransUnion are liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. §1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. §1681o.

### XVI. TWELFTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(5)
### (Defendants Experian, Equifax and TransUnion)

81. Plaintiff re-alleges and incorporates by reference paragraphs 1-80 above.

82. Defendants Experian, Equifax and TransUnion violated 15 U.S.C. §1681i(a)(5) because they (i) failed to reinvestigate the ProCollect tradeline on Plaintiff's consumer report, (ii) failed to find it to be inaccurate, and (iii) failed to promptly notify ProCollect that the information was deleted from Defendant's file of Plaintiff.

83. Defendants Experian, Equifax and TransUnion violated 15 U.S.C. §1681i(a)(5) in that they failed to have a procedure to prevent the reoccurrence of inaccurate or unverifiable information.

84. Defendants Experian, Equifax and TransUnion have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and other damages to Plaintiff.

85. At all times alleged herein, Defendants Experian, Equifax and TransUnion acted negligently and/or willfully.

86. Defendants Experian, Equifax and TransUnion are liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. §1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. §1681o.

### XVII. THIRTEENTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(6)(B)(iii)
### (Defendants Experian, Equifax and TransUnion)

87. Plaintiff re-alleges and incorporates by reference paragraphs 1-86 above.

88. Defendants Experian, Equifax and TransUnion have violated 15 U.S.C. § 1681i(a)(6)(B)(iii) in that they failed to have a procedure to prevent giving false information upon re-investigation.

89. Defendants Experian, Equifax and TransUnion have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

90. At all times alleged herein, Defendants Experian, Equifax and TransUnion acted negligently and/or willfully.

91. Defendants Experian, Equifax and TransUnion are liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. §1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. §1681o.

### XVIII. FOURTEENTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(7)
### (Defendants Experian, Equifax and TransUnion)

92. Plaintiff re-alleges, and incorporates by reference, paragraphs 1-91 above.

93. Defendants Experian, Equifax and TransUnion have violated 15 U.S.C. §1681i(7) in that they failed to provide a written description of the procedures used to determine the accuracy and completeness of the disputed information.

94. Defendants Experian, Equifax and TransUnion have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

95. Defendants Experian, Equifax and Transunion acted negligently and/or willfully.

96. Defendants are liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. §1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. §1681o.

## XII. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests a jury trial and entry of judgment in favor of Plaintiff and against all Defendants for:

    A.    Actual or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A) and 15 U.S.C. § 1692k(a).

    B.    Actual damages pursuant to 15 U.S.C. § 1681o(a)(1) and 15 USC § 1692k(a)(1);

    C.    Costs and attorney's fees pursuant to 15 USC § 1681n(a)(3) and 15 U.S.C § 1681o(b) and 15 USC § 1692k(a)(3);

    D.    For such other and further relief as the Court may deem just and proper.

Dated: January 7, 2022

Respectfully submitted,

By: _____
Tiffany Hill, Esq. (OBA# 31332)
PO Box 5302
Edmond, OK 73083
(405) 456-9406
thlegalconsulting@gmail.com
*ATTORNEY FOR PLAINTIFF*